JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
Assistant United States Attorney

   U.S. Attorney's Office/Civil Division
   450 Golden Gate Avenue, 9th Floor
   San Francisco, California 94102-3495
   Telephone: (415) 436-7322
   Facsimile: (415) 436-6748
   E-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTINA MUSSUMELI et al., | No. 08-2895 MMC |
| Plaintiffs, | **ANSWER OF DEFENDANT UNITED STATES OF AMERICA** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Defendant the United States of America, by and through its counsel, hereby admits, denies, alleges and otherwise responds to Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint") as follows:

1. Answering paragraph 1, the United States admits that this Court has subject matter jurisdiction over a claim arising under the Federal Tort Claims Act. Except as so expressly admitted, the United States denies each and every allegation in this paragraph.

2. Answering paragraph 2, the United States admits that venue is proper in the United States District Court for the Northern District of California. Except as so expressly admitted, the United States denies each and every allegation in this paragraph.

3. Answering paragraph 3, the United States has insufficient information to admit or deny the

allegations in this paragraph and therefore denies each and every allegation in this paragraph.

4. Answering paragraph 4, the United States admits that it owns the United States Department of Veterans Affairs Medical Center, San Francisco, which is located at 4150 Clement Street, San Francisco, California. Except as so expressly admitted, the United States denies each and every allegation in this paragraph.

5. Answering paragraph 5, the United States has insufficient information to admit or deny the allegations in this paragraph and therefore denies each and every allegation in this paragraph.

6. Answering paragraph 6, the United States admits that Plaintiff submitted an administrative claim on or about December 29, 2006 and that on or about January 9, 2008 the United States offered $25,000 in exchange for a full and complete release of all claims. The United States alleges that on or about November 19, 2007, a representative of the Department of Veterans Affairs wrote to Plaintiff's counsel to request an itemized statement of Plaintiff's alleged damages and any supporting documentation, that on or about December 17, 2007 Plaintiff's counsel submitted a settlement demand without any itemized statement of Plaintiff's alleged damages and containing supporting documentation only for $7,817.25 for funeral expenses, and that a representative of the Department of Veterans Affairs wrote to Plaintiff's counsel on or about January 9, 2008 and May 16, 2008 to invite Plaintiff to submit an itemized statement of alleged damages and any documentation to support the claimed damages. The United States further alleges that neither Plaintiff nor her counsel have ever provided any itemized statement of alleged damages or any documentation to support the claimed damages beyond the $7,817.25 for funeral expenses. Except as so expressly admitted or alleged, the United States has insufficient information to admit or deny the allegations in this paragraph and therefore denies each and every allegation in this paragraph.

7. Answering paragraph 7, the United States denies each and every allegation in this paragraph.

8. Answering paragraph 8, the United States has insufficient information to admit or deny the allegations in this paragraph and therefore denies each and every allegation in this paragraph.

9. Answering paragraph 9, the United States admits that John J. Mussumeli died on or about July 7, 2006. Except as so expressly admitted, the United States denies each and every allegation

ANSWER OF DEFENDANT UNITED STATES OF AMERICA
C08-2895 MMC                                            2

in this paragraph

10. Answering paragraph 10, the United States has insufficient information to admit or deny the allegations in this paragraph and therefore denies each and every allegation in this paragraph

11. Answering paragraph 11, the United States realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 10 of this Answer.

12. Answering paragraph 12, the United States has insufficient information to admit or deny the allegations in this paragraph and therefore denies each and every allegation in this paragraph.

The remaining allegations of the Complaint constitute Plaintiff's prayer for relief to which no response is required. However, the United States denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. The United States further denies each and every allegation of the Complaint that has not been admitted, denied, or otherwise qualified above.

In further answer to the Complaint and as separate affirmative defenses, the United States alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were proximately caused by Plaintiff's or Plaintiff's decedent's own negligent or otherwise wrongful conduct.

## SECOND AFFIRMATIVE DEFENSE

Any recovery or other award made against the United States must be reduced by the percentage of fault of the Plaintiff and/or Plaintiff's decedent and/or any third party, and any recovery or other award made against the United States for non-economic damages must be limited to the percentage of fault, if any, of the United States.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675, Plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in any claim presented to the United States.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is prohibited from recovering any amount for prejudgement interest or punitive damages against the United States.

**FIFTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff is prohibited from recovering any attorneys' fees from the United States.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a trial by jury.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to exhaust administrative remedies with respect to any claim, that claim should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are barred by failure to mitigate.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, is barred by the doctrine of unclean hands, laches and estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were proximately caused by the intervening or superseding acts of someone other than an employee of the United States acting within the scope of his or her employment.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent this action is brought pursuant to the Federal Tort Claims Act, the court lacks subject matter jurisdiction over any defendant other than the United States, including, but not limited to, individual defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action is barred by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The United States reserves the right to assert additional affirmative defenses in the event that such additional affirmative defenses would be appropriate.

//

//

1  WHEREFORE, for the reasons set forth above, the United States asserts that this action
2  should be dismissed and judgment entered in their favor, with appropriate costs awarded.

4  Dated: August 18, 2008                Respectfully submitted,
5                                         JOSEPH P. RUSSONIELLO
6                                         United States Attorney

9                              By:            /s/
10                                       Michael T. Pyle
                                         Assistant U.S. Attorney