JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (SBN 172954)
Assistant United States Attorney

450 Golden Gate Avenue, Ninth Floor
San Francisco, California 94102
Telephone:    (415) 436-7322
Facsimile:     (415) 436-6748
Email: michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTINA MUSSUMELI,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | No. C 08-2895 MMC<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;** ~~[PROPOSED]~~ **ORDER** |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
No. 08-2895 MMC

1  THE PARTIES AND THEIR ATTORNEYS OF HEREBY SUBMIT THE FOLLOWING
2  STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE (hereinafter,
3  "Stipulation and Agreement"):
4  IT IS HEREBY STIPULATED AND AGREED as follows:
5  1. The parties to this Stipulation and Agreement are plaintiff Bettina Mussumeli (hereinafter
6  "Plaintiff"), on the one hand, and defendant United States of America, on the other hand.
7  Plaintiff and the United States of America are collectively referred to in this Stipulation and
8  Agreement as "the Parties" and individually as a "Party."
9  2. Plaintiff and the United States hereby agree to settle and compromise the above-entitled
10 action under the terms and conditions set forth herein.
11 3. The United States agrees to pay to Plaintiff the sum of Eighty Thousand Dollars and No
12 Cents ($80,000), made payable to ~~AND ATTORNEY~~ BETTINA MUSSUMELI AND ATTORNEY STEVE BRADY, under the terms and conditions set forth
13 herein, which sum shall be in full settlement and satisfaction of any and all claims, demands,
14 rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and
15 all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to
16 property and the consequences thereof, resulting, and to result, from the same subject matter that
17 gave rise to the above-captioned lawsuit, for which Plaintiff, her heirs, executors, administrators,
18 or assigns, and each of them, now have or may hereafter acquire against the United States of
19 America or its agents, servants, and employees.
20 4. Plaintiff and her heirs, executors, administrators or assigns hereby agree to accept the sum
21 of Eighty Thousand Dollars and No Cents ($80,000) in full settlement and satisfaction of any and
22 all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and
23 by reason of any and all known and unknown, foreseen and unforeseen bodily and personal
24 injuries, damage to property and the consequences thereof which they may have or hereafter
25 acquire against the United States of America or its agents, servants and employees on account of
26 the same subject matter that gave rise to the above-captioned lawsuit. Plaintiff and her heirs,
27 executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the
28 United States of America and its agents, servants or employees from any and all such causes of

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
Case No. 07-3087 MMC                          -2-

action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his heirs, executors, administrators or assigns against any third party or against the United States of America.

5. In consideration of the payment of Eighty Thousand Dollars and No Cents ($80,000.00) and the other terms of this Stipulation and Agreement, Plaintiff agrees to immediately upon execution of this Stipulation and Agreement, execute the accompanying Stipulation For Dismissal with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action, which is captioned <u>Bettina Mussumeli v. United States of America</u>, C 08-2895 MMC. The fully executed Stipulation For Dismissal with Prejudice will be held by counsel for the defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the settlement amount and the completion of the settlement terms described herein.

6. This Stipulation and Agreement is entered into by all Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any Party.

7. It is agreed, by and among the Parties, that no Party may make any claim for attorney's fees or other costs or expenses of litigation against the United States, their agents, servants, or employees in connection with any claims or suits arising out of the death of John Mussumeli.

8. It is agreed, by and among the Parties, that this Stipulation and Agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this Stipulation and Agreement.

9. It is agreed, by and among the Parties, that the settlement amount of Eighty Thousand Dollars and No Cents ($80,000.00) paid by the United States of America to Plaintiff represents the entire amount of the compromise settlement and that the respective Parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

10. The Eighty Thousand Dollars and No Cents ($80,000.00) to be paid to Plaintiff pursuant to the terms of this Stipulation and Agreement will be made by wire transfer or other electronic

means to a bank account to be designated in writing by Plaintiff's counsel. Plaintiffs' counsel shall be responsible for distributing the funds to Plaintiff.

11. Counsel for the United States of America will submit a request for Judgment Fund payment within 48 hours after the Court approves this Stipulation and Agreement. The Parties recognize that payment from the Judgment Fund is often not available for 45 to 60 days after approval of the settlement by the Court.

12. Plaintiff forever discharges the United States of America and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in Plaintiff's pleadings in this action and/or arising out of the death of Plaintiffs father, John Mussumeli.

13. Plaintiff specifically represents and warrants the following: there are no surviving or pre-deceased children of John Mussumeli other than Plaintiff and that John Mussumeli had no surviving spouse or domestic partner at the time of his death. Plaintiff understands that this warranty is a material provision in this settlement agreement.

14. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by an attorney of her choosing, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by her to be true, this Stipulation and Agreement shall be and remain effective notwithstanding such material difference.

15. The Parties agree that this Stipulation and Agreement is intended to be a full and final settlement of all claims arising out of the allegations set forth in Plaintiffs' pleadings in this

action.

16. This Stipulation and Agreement shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation and Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel of each Party's choosing, which counsel have explained the legal effect of this agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement. This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

17. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability.

18. The Parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

19. Each Party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the Parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any Party hereto by virtue of the drafting of this Stipulation and Agreement.

20. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and

1 | Agreement.

2 | 21. The Parties agree that, should any dispute arise with respect to the implementation of the terms of this Stipulation and Agreement, no Party shall seek to rescind the Stipulation and Agreement and pursue any of the original causes of action. Each Party's sole remedy in such a dispute is an action to enforce the Stipulation and Agreement in district court. The Parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement. This Stipulation and Agreement may be signed in counterparts, and any signature on a signature page transmitted by facsimile or by PDF shall be treated the same as an original signature and shall be deemed binding and fully effective.

22. The Parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the agreement by Plaintiff and the United States to vacate all pending discovery, motion hearing dates, settlement or pretrial deadlines and trial date associated with this litigation.

DATED: November 24, 2008

Bettina Mussumeli, Plaintiff

DATED: November 5, 2008

BRADY LAW GROUP

Steven Brady
Attorneys for Plaintiff

DATED: ~~November~~ *December* 4, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

Michael T. Pyle
Assistant United States Attorney
Attorneys for Defendant United States of America

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: December 5, 2008

The Honorable Maxine M. Chesney
United States District Judge

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; ~~[PROPOSED]~~ ORDER
Case No. 07-3087 MMC                      -6-